UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILTON ROMAN | Criminal No. 3:06cr268 (JBA)<br><br>November 4, 2019 |

## RULING DENYING DEFENDANT'S
## FIRST STEP ACT MOTION FOR RESENTENCING

Defendant Milton Roman moves for relief under the First Step Act of 2018, seeking immediate release or resentencing. ([Doc. # 1772].) The Government opposes this motion on the grounds that Defendant is "ineligible for a reduced sentence because he was not sentenced for a 'covered offense' within the meaning of the First Step Act, because he admitted [to] conspiring to distribute 5 kilograms of powder cocaine." (Gov't Response to Def.'s First Step Act Motion [Doc. # 1793] at 2.) Although the Court concludes that Defendant committed a "covered offense" under the First Step Act, it nonetheless agrees with the Government that Defendant's sentence may not be reduced because he was charged with and pleaded guilty to a dual-object conspiracy involving powder cocaine and because his 21 U.S.C. § 851 enhancement remains in effect. The Court thus denies Defendant's First Step Act motion for resentencing for the reasons that follow.

### I. Background

The following facts are drawn from Defendant's Presentence Report (PSR [Doc. # 1776-2]), which the late Judge Peter C. Dorsey adopted at sentencing without Defendant's objection.

On November 20, 2007, Defendant was charged with Count One, "Conspiracy to Distribute Cocaine and Cocaine Base," "contrary to the provisions of [21 U.S.C.] § 841(b)(1)(A)[]" and "in violation of [21 U.S.C. §] 846." (Superseding Indictment [Doc. # 1004] ¶¶ 1-3.) The Indictment specified that Defendant's chargeable conduct, as a member of a drug conspiracy, "involved 50 grams or more of a mixture and substance containing a detectable amount of cocaine base," and "5 kilograms or more of a mixture and substance containing a detectable amount of cocaine." (*Id.* at 2.) Each of these quantities met the thresholds specified in 21 U.S.C. § 841(b)(1)(A), and so they were governed by the same penalties.

On December 4, 2007, the Government filed a 21 U.S.C. § 851 notice of the Defendant's prior convictions, which included possession of narcotics in violation of Conn. Gen. Stat. § 21a-279(a) and possession of a controlled substance in the third degree in violation of N.Y. Penal L. § 220.16(1). (Information to Establish Prior Conviction [Doc. # 1007] at 2). When the Government submits such a § 851 notice, it triggers a statutory enhancement under 21 U.S.C. § 841 that "increases the penalty that Courts must impose on a drug offender who has a previous conviction for a felony drug offense." *United States v. Hardnett*, 2019 WL 5445887, at *1 (E.D. Va. Oct. 24, 2019).[1]

---

[1] Courts have described the "§ 851 enhancement [as] 'a uniquely powerful prosecutorial cudgel: it allows the Government, at its sole discretion, to file an additional charge by information that a defendant has been previously convicted of a drug trafficking offense thereby ratcheting up the mandatory minimum applicable from 5 to 10 years, or 10 to 20 years, or 20 years to life." *Hardnett*, at *1 n.1 (quoting *United States v. Pierre*, 372 F. Supp. 3d 17, 20 n.1 (D.R.I. 2019)).

On December 13, 2007, Defendant pleaded guilty to Count One at a proceeding held before Judge Dorsey. In his written plea agreement with the Government, Defendant specified that he "agree[d] to plead guilty to conspiring with the intent to distribute and to distribute fifty grams or more" of cocaine base ("crack") and "five kilograms or more" of cocaine ("powder"). (Plea Agreement [Doc. # 1022] at 1.) As to the penalties, the plea agreement set forth that Defendant faced a "mandatory minimum penalty of twenty years in prison" for these drug quantities, as the crack and powder cocaine each triggered an enhanced penalty under 21 U.S.C. § 841(b)(1) due to the § 851 notice of prior convictions. (*Id.* at 2.)

During the plea colloquy, Judge Dorsey referred to both the crack and powder quantities of cocaine. Judge Dorsey asked if Defendant had "read Count One of the Superseding Indictment and underst[ood] that it constitutes a charge that you . . . engaged in a conspiracy . . . [that] involved 50 grams or more of cocaine base, and 5 kilograms or more of cocaine," to which Defendant responded, "Yes, sir." (Plea Transcript [Doc. # 1486] at 12.)

As to how the dual-object conspiracy would be handled, Judge Dorsey explained that he would not differentiate between crack and powder, and that he would treat them "the same, and just on a cumulative basis, as far as the total amount of drugs is involved." (*Id.* at 5-6.)

On February 17, 2010, Judge Dorsey imposed a sentence upon Defendant. (Judgment [Doc. # 1444].) The court determined that Defendant's Guidelines range was 360 months to life imprisonment, based on his total offense level of 41 and criminal history category of VI. (Amended Statement of Reasons [Doc. # 1776-6] at 1.) However, the court decided to vary

3

downward to the extent allowed by statute and sentence Defendant to the mandatory minimum term of 240 months imprisonment, with ten years of supervised release. (*See id.* at 3; Judgment at 1.) At the sentencing hearing, Judge Dorsey explained that he was issuing a sentence below the Guidelines range because Defendant "has a mental health problem with a diminished capacity," "has dependent[]" children, has experienced a "length of . . . detention [that] was more stressful than would be normally appropriate," and had an "upbringing [that] gave him far less of an ability to develop the character and strengths of personality that would have helped him to develop a sense of moral responsibility that might very well have alleviated some of the predisposition that got him into trouble with the conduct for which he stands convicted here." (Sentencing Transcript [Doc. # 1459] at 44-45.) Judge Dorsey also noted that "there is no legal authority to depart down below the 20-year mandatory minimum," "based on the fact that [21 U.S.C. §] 851, to the extent that it is legitimately invoked, sets that level." (*Id.* at 31.)[2]

Six months following Defendant's sentencing, on August 3, 2010, the Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372, was enacted. Congress passed this law "[i]n response to substantial public opinion that the disparities in the statutory penalties imposed for offenses involving powder cocaine and crack cocaine were fundamentally unfair." *United States v. Rose*,

---

[2] On appeal to the Second Circuit, Defendant "allege[d], and the government concede[d], that the [sentencing] court failed to comply with the procedures required by § 851(b)." *United States v. Roman*, 464 F. App'x 32, 34 (2d Cir. 2012). However, the Second Circuit concluded that the "district court's failure to engage in the § 851(b) colloquy was harmless," and that "the court did not err in failing to specify which of the two convictions relied on by the government satisfied the requirements of the second-offender enhancement." *Id.* at 35.

4

379 F. Supp. 3d 223, 226 (S.D.N.Y. 2019). The Fair Sentencing Act reduced those "disparities by increasing the drug quantities triggering mandatory minimums for crack offenses 'from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10–year minimum.'" *Id.* (quoting *Dorsey v. United States*, 567 U.S. 260, 269 (2012)).

In 2018, Congress gave retroactive effect to the Fair Sentencing Act through Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

On April 11, 2019, Defendant moved for immediate release or resentencing pursuant to the First Step Act. In support of his motion, Defendant included his reentry plan progress report, which indicated that he had been disciplined only twice during a 13-year period of imprisonment and that he "underst[ood] the importance of maintain[ing] clear conduct" as he had "not had an incident report since 2010." (Summary Reentry Plan Progress Report [Doc. # 1787-1] at 3.) The progress report also noted that Defendant had completed considerable academic programming and that he was participating in an electrical apprenticeship. (*Id.*)

## II. Discussion

The First Step Act gives a "court that imposed a sentence for a covered offense" discretionary authority to "impose a reduced sentence" as if the Fair Sentencing Act of 2010 had been "in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, § 404(b). The statute defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing

5

Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* at § 404(a).[3]

The Court will first evaluate Defendant's eligibility for relief and then determine the extent to which such relief is available.

*A. Eligibility*

As with any dual-object conspiracy, Defendant's crime under Count One has two distinct parts, the crack cocaine portion and the powder cocaine portion. Defendant's argument for eligibility is that he committed a "covered offense" because he was convicted of an offense involving 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). The Government contends that his conviction was "not for a 'covered offense' within the meaning of the First Step Act" because the guilty plea also included 5 kilograms or more of powder cocaine. (Gov't Response at 10.) In taking this position, the Government asks the Court to assess eligibility by reviewing Defendant's criminal conduct and "examining the whole record,

---

[3] The relevant portions of Section 404 of the First Step Act provide:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

First Step Act of 2018, PL 115-391, 132 Stat. 5194.

including any quantities which the defendant admitted as part of his guilty plea, or which the Court found proven at sentencing." (*Id.* at 11.) The question here, then, is whether the crack or powder portion of the offense should control Defendant's eligibility. *See United States v. Medina*, No. 3:05-CR-58 (SRU), 2019 WL 3769598, at *2 (D. Conn. July 17, 2019).

The Second Circuit has yet to answer the question of how a court is to ascertain First Step Act eligibility. But as the Government concedes, a majority of courts "have adopted the . . . view that a court is limited to the statutory language tracked in the indictment, to which the defendant pled" or was found guilty. (*Id.* at 11.) That is because "[u]nder the plain language of the [First Step] Act, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated." *United States v. Davis*, 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019). "This language does not, on its face, restrict eligibility to defendants who were only convicted of a singular violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act." *United States v. Richardson*, No. 3:99-CR-264-8 (VAB), 2019 WL 4889280, at *5 (D. Conn. Oct. 3, 2019). This Court agrees with the "growing number of courts in the Second Circuit [that] have concluded, 'it is the statute of conviction, not actual conduct, that controls [First Step Act] eligibility.'" *Medina*, 2019 WL 3769598, at *3 (quoting *United States v. Allen*, 384 F. Supp. 3d 238, 241 (D. Conn. 2019) (Chatigny, J.)).

Here, Defendant "pleaded guilty to violating a statute applicable to an offense involving 50 grams or more of crack cocaine," and the "statutory penalty for this offense was modified by the Fair Sentencing Act." *Allen*, 384 F. Supp. 3d at 241. "So long as a defendant was convicted of

7

'a violation'—i.e., at least one violation—for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act, he or she is eligible for relief." *Richardson*, 2019 WL 4889280, at *5. The Courts thus finds that Defendant committed a covered offense and is, as a threshold matter, eligible for First Step Act relief. "Ignoring the crack cocaine portion of [Defendant]'s conviction in favor of the powder cocaine portion would not serve the purpose of the Act." *Medina*, 2019 WL 3769598, at *3.[4]

### B. *Availability of Relief*

Having determined that Defendant has committed a covered offense and is eligible for First Step Act relief, the Court considers what relief, if any, can be granted.

Defendant argues for a plenary resentencing where the Court could, among other things, apply case law and U.S. Sentencing Guidelines currently in effect and revisit his prior conviction enhancement under 21 U.S.C. § 851. Without addressing the question of plenary resentencing, the Government counters that the Court cannot provide Defendant relief, because the 20-year mandatory minimum sentence issued applied to both the crack *and* powder portions of his crime.

---

[4] The Government asserts that "no court has endorsed the . . . view[] that even the language of the indictment, to which the defendant explicitly pled guilty, can be disregarded for purposes of identifying the 'violation' for which the defendant was sentenced." (Gov't Response at 11-12.) But that argument, when made as to eligibility, puts the cart before the horse. Although a court may not disregard the effect of other statutory violations when *imposing* a reduced sentence in accordance with sections 2 and 3 of the Fair Sentencing Act, the fact of an additional powder violation has no bearing on whether a crack violation is an eligible covered offense.

8

The Court agrees with the Government's position. Even if the First Step Act could be read to allow a plenary hearing, as some courts have concluded, *see, e.g., Medina*, 2019 WL 3769598, at *6; *United States v. Payton*, 2019 WL 2775530, at *4 (E.D. Mich. July 2, 2019) (collecting cases), Defendant would gain no benefit from such a proceeding. His powder cocaine conviction and his § 851 notice regarding his New York narcotics conviction leave this Court with no discretion to reduce his sentence below the imposed mandatory minimum.

In this case, Defendant was convicted of conspiring to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of powder cocaine. At the time of sentencing, each of these quantities independently triggered the penalties of 21 U.S.C. § 841(b)(1)(A). (*See* Addendum to Def.'s PSR [Doc. # 1776] at 3.) Because the Government filed a § 851 notice, these statutory penalties were "enhanced to include a mandatory minimum of 20 years to life imprisonment and 10 years to life supervised release." (*Id.* at 2.)

The Court will first consider the relevance of the powder cocaine offense. Defendant contends that, "[i]f sentenced today, the statutory penalties for Mr. Roman's offense would fall under 21 U.S.C. § 841(b)(1)(B), instead of § 841(b)(1)(A)," (Def.'s First Step Act Mot. at 5), because "[t]his was a crack cocaine case, not a powder cocaine case," (*id.* at 2). The penalties under § 841(b)(1)(B) are considerably more lenient, mandating a minimum sentence of "not . . . less than 5 years" that increases to "not . . . less than 10 years" if enhanced by an § 851 notice.

It is true that the crack portion of Defendant's sentence is now classified under the lesser offense of § 841(b)(1)(B). However, his offense of conviction involved more than crack.

9

Defendant was charged in the conjunctive with conspiring to distribute both crack *and* powder. He admitted to such conduct in his written plea agreement and during his plea hearing. Judge Dorsey also repeatedly referred to both crack and powder throughout the plea and sentencing proceedings. Thus the conviction for conspiring to distribute five kilograms of powder cocaine, in violation of § 841(b)(1)(A), remains in effect for the purposes of Defendant's First Step Act motion.

Having established that Defendant is still subject to the penalties established by 21 U.S.C. § 841(b)(1)(A), the Court will now consider the effect of the § 851 enhancement, which increased his statutory minimum sentence from ten years to twenty years. In its Sentencing Memorandum, the Government elaborated on the bases of its § 851 notice and identified the relevant prior convictions as a Connecticut narcotics crime prosecuted under Conn. Gen Stat. § 21a-279(a) and a New York narcotics felony prosecuted under N.Y. Penal L. § 220.16. (Gov't Sentencing Mem. [Doc. # 1438] at 12-13.)

Defendant contends that if he "were sentenced today, the 851 enhancement would not apply." (Def.'s First Step Act Mot. at 5-6.) Defendant asserts that the Connecticut statute of conviction is categorically overbroad, and thus cannot support a § 851 notice. Defendant also argues that the New York conviction cannot serve as a § 851 predicate because there "is no indication under which subsection [of N.Y. Penal L. § 220.16] Mr. Roman was convicted, and subsections eight through 13 of the statute proscribe only possession of various types of drugs, not possession with intent to sell or distribute." (*Id.* at 6-7.)

Although there may be merit to Defendant's argument regarding the Connecticut conviction under Conn. Gen. Stat. § 21a-279(a) in light of the intervening precedent of *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), the Court is foreclosed from considering Defendant's argument as to the New York offense because the Second Circuit has previously ruled that this conviction was a proper § 851 predicate, *see Roman*, 464 F. App'x at 35.[5] Defendant has not identified any new change in law that casts doubt on *Roman*'s conclusion as to the New York conviction. As such, the § 851 notice necessarily remains in effect and leaves the Court without authority to reduce Defendant's sentence below the statutory twenty-year minimum.[6]

---

[5] Defendant did not, on appeal, raise the exact argument advanced here—namely, that the Government did not indicate the subsection of N.Y. Penal L. § 220.16 under which Mr. Roman was convicted. (*Compare* Brief of Defendant-Appellant, *United States v. Roman*, 464 F. App'x 32 (2d Cir. 2012) (No. 10-732) *with* Def.'s First Step Act Mot. at 6-7.)

However, examination of the § 851 notice demonstrates that the Government specifically listed Subsection (1) when it informed that court that Defendant "was convicted of Attempted Third Degree Criminal Possession of a Controlled Substance (Case Number 02343-2002), in violation of New York Penal Law § 220.16(1), in the Bronx County, New York Supreme Court." (Information to Establish Prior Conviction at 1). Subsection (1) makes it a crime to "knowingly and unlawfully possess[] . . . a narcotic drug with intent to sell," N.Y. Penal L. § 220.16(1), which "plainly qualifies as a felony drug offense under the categorical approach," *Roman*, 464 F. App'x at 35.

[6] The Court observes that the First Step Act prospectively amended 21 U.S.C. § 841(b)(1)(A) and reduced the § 851 enhancement from twenty years to fifteen years. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 51945222 (2018). However, Congress explicitly limited the application of this amendment to "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment," precluding application of this provision at a First Step Act resentencing. *Id.* at § 401(c).

The Court reaches this conclusion with regret, as it shares Judge Dorsey's discomfort as to the severity of the punishment here. Moreover, Defendant's correctional record demonstrates that he is a model inmate, who is potentially well-equipped to productively reenter society. Defendant appears to be exactly the type of individual whom Congress envisioned when it passed the First Step Act. Nonetheless, the Court is required by statute to apply an enhanced twenty-year minimum to the powder cocaine portion of Defendant's crime and so lacks any discretion to reduce his sentence beyond this mandatory lower limit.

### III. Conclusion

Accordingly, Defendant's motion for resentencing pursuant to the First Step Act ([Doc. # 1772]) is **DENIED**.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of November 2019.